TRACEY v. WILLIAMS.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE SCAFFOLDING—LABOR
LAW.

Labor Law, Laws 1897, p. 467, c. 415, § 18, rendering a master liable
for defects in scaffolding constructed for the erection, repairing, altering,
or painting of a house or building, applies to scaffolding erected in a
school building to aid in the installing of a heating apparatus, whether
the work was being done as a part of the original construction of the
building, or of its alteration or repair; the heating plant being a part of
the building itself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-
ant, § 207.]

Appeal from Trial Term, Kings County.
Personal injury action by Michael Tracey against Francis A. Wil-
liams. From a judgment of dismissal, and an order denying a new
trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-
LER, JJ.

Martin T. Manton, for appellant.
G. Glenn Worden, for respondent.

MILLER, J. The plaintiff, a steam fitter, while in the employ of
the defendant, was injured by falling from a defective scaffold while
putting up strips of wood to hang steam coils on. The defendant had
a contract for putting in the heating apparatus in a new school build-
ing. The scaffold was 12 feet high, and was constructed by putting
horses one above the other and planks across. The plaintiff had noth-
ing to do with its construction. The trial court dismissed the com-
plaint, holding, upon the authority of Schapp v. Bloomer, 181 N. Y.
125, 73 N. E. 563, that section 18 of the labor law (Laws 1897, p.
467, c. 415) did not apply, for the reason that the scaffold was not
used in the erection, repairing, altering, or painting of a house, build-
ing, or structure, but was used to facilitate the placing of fixtures.

In the case of Schapp v. Bloomer, supra, the court held that the statute did not apply to ordinary staging put up in a room from four to six feet above the floor to facilitate the placing of fixtures. In that case machinery was being installed in a factory building, but the building itself was not being erected, repaired, altered, or painted, and the staging, considering its character and the use to which it was put, was not thought to be the kind of scaffold contemplated by the statute. The heating apparatus of a school building is a part of the building itself. It is a part of the realty; and whether the work upon which the plaintiff was engaged was being done as a part of the original construction of the building, or of its alteration or repair, we think the statute applied. The plaintiff was doing the kind of work contemplated by the statute. The danger from a defect in the scaffold, upon which he was working, was the kind of danger which the statute requires the master to guard against.

The judgment and order are reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.